IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DOMINIC BANGERA, | CASE NO. 1:19-CV-00033-SO |
| Petitioner, | JUDGE SOLOMON OLIVER, JR. |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| LYNEAL WAINWRIGHT, in her official capacity as Warden, | **REPORT AND RECOMMENDATION** |
| Respondent. | |

## INTRODUCTION

On January 6, 2019, Petitioner Dominic Bangera, a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (ECF # 1.) Respondent Lyneal Wainwright, in her capacity as Warden of the Marion Correctional Institution, filed a Return of Writ (ECF #8) on April 1, 2019, and Mr. Bangera filed a Traverse to Return of Writ (ECF #10) on October 19, 2020. The district court has jurisdiction over the Petition under § 2254(a). This matter was referred for a Report and Recommendation pursuant to Local Rule 72.2(b)(2) (ECF #4), and was reassigned to me on May 25, 2021 pursuant to General Order 2021-06. For the reasons discussed below, I recommend the Petition be **DISMISSED**.

## FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, a state court's findings of fact are presumed correct and can be contravened only if the habeas petitioner shows, by clear and

1

convincing evidence, that the state court's factual findings are erroneous. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530.

In its opinion affirming Mr. Bangera's convictions, Ohio's Eleventh District Court of Appeals summarized the underlying facts as follows:

> {¶ 2} On June 3, 2014, a United States Postal Service Investigator advised Geauga County Sheriff's detectives that appellant and his wife, Jaqueline Sanchez, who reside at 15590 Parkview Drive in Newbury Township, were suspects in a money-laundering investigation involving their suspicious purchases of money orders.
>
> {¶ 3} Based on this information, on June 11, 2014, Detective Steven Deardowski of the Sheriff's Office conducted a trash pull at appellant's residence. During the trash pull, Detective Deardowski discovered evidence of drug activity as well as evidence that confirmed the Postal Service's report. Based on the foregoing information, Detective Deardowski presented the Judge of the Chardon Municipal Court with an affidavit for a search warrant and a proposed search warrant for appellant's residence. The detective's affidavit provided, in pertinent part:
>
>> {¶ 4} On June 3, 2014, detectives were provided information from the U.S. Postal Service that the residents of 15590 Parkview Dr., Newbury Twp. are suspects in a money laundering investigation. The detectives were informed that residents (Jaqueline Sanchez & Dominick Bangera) of that address have been involved in purchasing money orders for large amounts of money. The U.S. Postal Service stated these purchases have been suspicious because they are consistently purchasing the [money] orders just under the $3,000.00 threshold.
>>
>> {¶ 5} On June 11, 2014, detectives conducted a trash pull at the residence with the assistance of Universal Disposal. The trash collected was monitored from the curb side to where it was processed at the Sheriff's Office.

{¶ 6} During a search of the garbage one bud of marijuana was found in conjunction with the top portion of a heat seal bag. It should be noted that heat seal bags are often used in the packaging of marijuana.

{¶ 7} (4) money order receipts were located noting (11) money order transactions totaling an amount of approximately $7,017.00. The dates on these receipts were 2/18/14, 5/7/14, 5/30/14 and 6/4/14.

{¶ 8} (2) Express Mail receipts [were located] for packages that were sent to Pico Rivera, CA on 4/17/14 and 5/20/14.

{¶ 9} (2) Express Mail receipts [were located] for packages that were sent to Montebello, CA on 5/12/14 and 5/30/14.

{¶ 10} It should be noted that resident Dominick Bangera has a prior drug cultivation conviction in 2006.

{¶ 11} Information [was] provided from the U.S. Postal Service Investigator that since an investigation was started approximately a month ago approximately (20) money orders have been sent by the suspects.

{¶ 12} Based on the above aforementioned investigation and my experience, this Detective has probable cause to believe and does believe that Jaqueline Sanchez and Dominick Bangera are in violation of Ohio Revised Code Section 2925.03 Trafficking in drugs, 2925.11 Possession of drugs, and 2923.24 Possessing Criminal Tools. Furthermore this detective has probable cause to believe and does believe that evidence related to these crimes which occurred [is] in or on the property located at 15590 Parkview Rd. Newbury Twp., Geauga County Ohio. The residence is described as a two story single family home on the west side of Park View Dr. with the front door facing south.

{¶ 13} Based on the foregoing affidavit, the Chardon Municipal Court Judge signed and issued the search warrant. The warrant provided, in pertinent part:

{¶ 14} That in the Township of Newbury, Geauga County, Ohio, the following criminal offense(s) ha[ve] occurred:

{¶ 15} Possession of Drugs R.C. § 2925.11

3

{¶ 16} Trafficking in Drugs R.C. § 2925.03

{¶ 17} That the following items of property are connected with the commission of said offense(s):

{¶ 18} Drugs of abuse, * * * Drug Paraphernalia, * * * and other items which are evidence of and in violation of ORC 2925.03 Trafficking in Drugs. These items include but are not limited to scales, packaging materials, paraphernalia, weapons, pagers, scanners, notes, records, mail, ledgers, photographs, receipts, address books, phone books, cell phones, any and all electronic communication devices, caller ID boxes, answering machines, financial records, conveyances, books, safes, safety deposit box keys, U.S. currency, checks, money drafts, real estate drafts, deposit slips, canceled checks, any funds gained from sales, printouts, computers, media storage devices and evidence of expenditure(s) of currency and currency equivalents, and items bartered or sold in exchange for said contraband, and any vehicles used in the transportation of said contraband.

{¶ 19} and all other fruits and instrumentalities of the crime at present time unknown.

{¶ 20} The warrant was executed on the same day, June 11, 2014, and large amounts of narcotics (including heroin, methamphetamine, and marijuana), bundles of cash, money orders, and packaging materials were seized at appellant's residence.

{¶ 21} Appellant admitted to detectives that he has been dealing drugs since 1998, including marijuana, cocaine, heroin, and meth.

* * *

{¶ 23} Subsequently, appellant moved to suppress the evidence obtained pursuant to the search warrant. Following a hearing on the motion, the trial court entered an exhaustive, 22-page judgment denying the motion to suppress.

{¶ 24} On the state's motion, the trial court dismissed Counts 2, 4, and 6 of the indictment. Appellant waived his right to a trial by jury and the case was tried to the court. Following the trial, the court returned a verdict finding appellant guilty of all remaining counts and the major drug offender specifications.

*State v. Bangera*, 70 N.E.3d 75, 78–80 (Ohio Ct. App. 2016), *appeal not allowed*, 75 N.E.3d 236 (Ohio 2017) (table), *cert. denied*, 138 S.Ct. 672 (2018); *see also* Petition, Exhibit 2, ECF #1, PageID 10-13.

## PROCEDURAL HISTORY

<u>State Court Conviction</u>

On July 25, 2014, Mr. Bangera was charged in a 13–count indictment with one count of engaging in a pattern of corrupt activity; two counts of aggravated trafficking in drugs; two counts of trafficking in heroin, with a major drug offender specification on each; two counts of trafficking in marijuana; trafficking in drugs; aggravated possession of drugs, with a major drug offender specification; possession of heroin, with a major drug offender specification; possession of marijuana; possession of drugs; and possession of criminal tools. Mr. Bangera pled not guilty to each count. (State Court Record, Exhibit 1, ECF #8-1, PageID 84-95.)

On November 3, 2014, Mr. Bangera filed a Motion to Suppress Evidence in the trial court. (State Court Record, Exhibit 3, ECF #8-1, PageID 98-123.) The State opposed the Motion on December 5, 2014. (*Id.*, Exhibit 6, ECF #8-1, PageID 128-151.) Mr. Bangera filed a Reply to the State's opposition. (*Id.*, Exhibit 7, ECF #8-1, PageID 152-162.) The trial court held a hearing on the motion, and on January 22, 2015, issued a twenty-two page Judgment Entry denying Mr. Bangera's Motion to Suppress. (*Id.*, Exhibit 10, ECF #8-1, PageID 163-184.)

On February 13, 2015, Mr. Bangera executed a written Waiver of Trial By Jury, and his decision to waive trial by jury was further confirmed on the record. (*Id.*, Exhibits 15 & 17, ECF #8-1, PageID 206, 211.) Trial began on February 17, 2015, and the Court granted the State's Motion to Dismiss Counts 2, 4, and 6 that same day. (*Id.*, Exhibit 14, ECF #8-1, PageID 205.) On February

18, 2015, the court issued its Verdict and Findings. (*Id.*, Exhibit 16, ECF #8-1, PageID 207-210.) Mr. Bangera was convicted of the remaining ten counts of the Indictment. (*Id.*) The trial court revoked Mr. Bangera's bond and ordered him held in custody pending sentencing. (*Id.*, Exhibit 17, ECF #8-1, PageID 211-213.)

Sentencing proceeded on April 29, 2015. On Count One (engaging in a pattern of corrupt activity), the trial court sentenced Mr. Bangera to eight years in custody. On Count Three (aggravated trafficking in drugs, merged with Count Nine), the trial court sentenced Mr. Bangera to eleven years in state custody, to be served consecutively to the sentence imposed on Count One. On Count Five (trafficking in heroin, merged with Count Ten), the trial court sentenced Mr. Bangera to eleven years in state custody, to be served consecutively to the sentences imposed on Counts One and Three. On Count Seven (trafficking in marijuana, merged with Count Eleven), the trial court sentenced Mr. Bangera to five years in state custody, to be served concurrently with the sentences imposed on Counts One, Three, and Five. On Count Eight (trafficking in drugs, merged with Count Twelve), the trial court sentenced Mr. Bangera to five years in state custody, to be served concurrently with the sentences imposed on Counts One, Three, Five, and Seven. Finally, on Count Thirteen (possessing criminal tools), the trial court sentenced Mr. Bangera to nine months in state custody, to be served concurrently with the sentences imposed on Counts One, Three, Five, Seven, and Eight. (*Id.*, Exhibit 18, ECF #8-1, PageID 214-220.) Mr. Bangera was granted credit for time served in the amount of 306 days. (*Id.*)

Direct Appeal

On May 26, 2015, Mr. Bangera, through counsel, filed a Notice of Appeal. (*Id.*, Exhibit 19, ECF #8-1, PageID 221.) His Merits Brief was filed with the Eleventh District Court of Appeals on October 27, 2015, and the first Assignment of Error was as follows:

> THE FRUITS OF THE SEARCH OF THE BANGERA RESIDENCE MUST BE SUPPRESSED BECAUSE THE WARRANT WAS NOT SUPPORTED BY PROBABLE CAUSE TO BELIEVE THE ENUMERATED ITEMS TO BE SEIZED WOULD BE FOUND IN THE HOME.

(*Id.*, Exhibit 20, ECF #8-1, PageID 242.) The Second Assignment of Error also raised a Fourth Amendment issue:

> THE TRIAL COURT ERRED WHEN IT FAILED TO RE-OPEN THE SUPPRESSION HEARING TO CONSIDER TRIAL TESTIMONY THAT CONTRADICTED THE TESTIMONY GIVEN BY A LAW ENFORCEMENT OFFICER DURING THE MOTION TO SUPPRESS, AND THIS COURT MAY CONSIDER THE TESTIMONY.

(*Id.*, Exhibit 20, ECF #8-1, PageID 242.)

The State filed its Appellee Brief on December 7, 2015, in which it responded to all of Mr. Bangera's Assignments of Error. (*Id.*, Exhibit 21, ECF #8-1, PageID 259.) On December 21, 2015, Mr. Bangera filed his Reply Brief. (*Id.*, Exhibit 22, ECF #8-1, PageID 300.)

The Eleventh District Court of Appeals issued its Opinion on June 27, 2016. *Bangera*, 70 N.E.3d at 75; *see also* Petition, Exhibit 2, ECF #1, PageID 9-33. By a 2-1 decision, Mr. Bangera's convictions and sentences were upheld in all respects. *Id.* One judge dissented, writing that the affidavit underlying the search warrant did not contain sufficient information to support issuance of the warrant. *Bangera*, 70 N.E.3d at 89 (O'Toole, J., dissenting).

Mr. Bangera sought rehearing *en banc* on July 7, 2016. (State Court Record, Exhibit 24, ECF #8-1, PageID 339-78.) Mr. Bangera argued that the Eleventh District's decision in his case

7

conflicted with its prior decision in *State v. Young*, 765 N.E.2d 938 (Ohio Ct. App. 2001), on the question of "[w]hen a search warrant application fails to establish specific justification for the seizure of the particular items authorized to be seized in the warrant, must the fruits of the warrant be suppressed?" (State Court Record, Exhibit 24, ECF #8-1, PageID 340.) On July 12, 2016, the State opposed the request for *en banc* consideration. (*Id.*, Exhibit 25, ECF #8-1, Page ID 379-84.)

On September 12, 2016, the Eleventh District issued a Judgment Entry, denying rehearing *en banc*. (*Id.*, Exhibit 26, ECF #8-1, PageID 339-78.) It found the explanation of the alleged conflict in decisions to be "ambiguous." (*Id.* at PageID 386.) It further concluded that its decisions in *Young* and *Bangera* were "factually distinguishable and, as a result, their conflicting dispositions do not represent an intradistrict conflict justifying en banc consideration." (*Id.* at PageID 388.) Judge O'Toole again dissented. (*Id.* at PageID 388-89.)

On October 27, 2016, Mr. Bangera filed a Notice of Appeal with the Ohio Supreme Court. (*Id.*, Exhibit 27, ECF #8-1, Page ID 390-91.) He also filed a Memorandum in Support of Jurisdiction, setting forth five Propositions of Law. (*Id.*, Exhibit 28, ECF #8-1, Page ID 392-409.) The first three of these were as follows:

> Because Crim. R. 41(C)'s requirement that a search warrant application specify the items to be seized is required by the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution, the exclusionary rule applies to non-compliance with this provision.
>
> When a law enforcement officer's testimony at a suppression hearing on a material fact is directly contradicted by another officer's trial testimony, a trial court errs in failing to re-open the suppression hearing.
>
> Even if the suppression hearing is not re-opened when evidence at trial reveals that the search warrant application contained material statements that were made with reckless disregard of the truth, a court

8

of appeals may consider the trial testimony in reviewing an appeal regarding the validity of the search warrant.

(*Id.* at PageID 393.)

On November 23, 2016, the State filed its Memorandum in Opposition to Jurisdiction. (*Id.*, Exhibit 29, ECF #8-1, Page ID 410-28.) In an order issued on May 31, 2017, the Ohio Supreme Court declined to accept jurisdiction. *State v. Bangera*, 75 N.E.3d 236 (Ohio 2017) (table), *cert. denied*, 138 S. Ct. 672 (2018); *see also* State Court Record, Exhibit 27, ECF #8-1, Page ID 390-91.

Seeking further review, on October 27, 2017, Mr. Bangera filed a Petition for Writ of Certiorari with the United States Supreme Court. (*Id.*, Exhibit 31, ECF #8-1, Page ID 430.) The State filed its Opposition to Petition for Writ of Certiorari on December 1, 2017. (*Id.*) On January 8, 2018, the United States Supreme Court denied certiorari. *Bangera v. Ohio*, 138 S. Ct. 672, (2018); *see also* State Court Record, Exhibit 31, ECF #8-1, PageID 430.)

### FEDERAL HABEAS CORPUS

Filed through new counsel, Mr. Bangera's Petition sets forth two grounds for relief, as follows:

> **First Ground**: Petitioner suffered a deprivation of his constitutional right against unreasonable search and seizure under the Fourth Amendment due to appellate counsel's failure to fully and fairly present the case to Ohio's reviewing courts.
>
> **Second Ground**: Petitioner suffered a deprivation of his constitutional right to effective assistance of counsel and a deprivation of his Fourth Amendment rights as his counsel failed to fully litigate the issue of bad faith.

(ECF #1, PageID 3-4.)

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 "dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (internal citation and quotation omitted). An application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* at 103.

## DISCUSSION

As noted above, Mr. Bangera's Petition raises two grounds for relief. Both grounds allege that Mr. Bangera received ineffective assistance of counsel during his direct appeal to the Ohio Supreme Court. Specifically, with respect to the First Ground, the Petition alleges that in the discretionary appeal to the Ohio Supreme Court, Mr. Bangera's appellate counsel raised a Proposition of Law that "contain[ed] no citations to the trial court's suppression hearing transcript, nor d[id] it cite the Eleventh District Court of Appeals dissenting opinion finding the search warrant lacked probable cause." (Petition, ¶ 14, ECF #1, PageID 3.) Mr. Bangera further posits that "any appellate attorney who fails to cite the transcript of a suppression hearing in any appellate litigation of a Fourth Amendment issue has failed to provide effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution." (*Id.* ¶ 15, ECF #1, PageID 4.)

With respect to the Second Ground, the Petition alleges that Mr. Bangera's "appellate counsel raised issues of bad faith, e.g., counsel's filing with the Supreme Court of Ohio noted that the postal inspector's trial testimony contradicted the statements in the search warrant affidavit, suggesting the affidavit contained false information about 'structuring' money orders under $3,000.00 . . . . However, in support of this argument, counsel failed to cite the search warrant affidavit, failed to cite the suppression-hearing transcript, and failed to cite the trial transcript." (*Id.* ¶ 22, ECF #1, PageID 5.)

It is well established that a defendant like Mr. Bangera has no Sixth Amendment right to counsel in connection with the discretionary appeal to the Ohio Supreme Court. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of

11

right, and no further."); *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (holding that because the defendant had no constitutional right to the assistance of counsel in pursuit of state supreme court certiorari, "he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the [certiorari] application timely"); *Ross v. Moffitt*, 417 U.S. 600, 610-12 (1974) (holding that the right to appellate counsel does not extend beyond the first appeal as of right to discretionary appeals to the state's highest court or to petitions for review by the United States Supreme Court); *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 433 (6th Cir. 2006) ("There can be a constitutional claim of ineffective assistance of counsel only at a stage of the proceedings when there is a right to counsel under the Sixth Amendment."); *McNeal v. United States*, 54 F.3d 776 (6th Cir. 1995) ("A defendant is entitled to effective assistance of counsel on the first appeal of his conviction where such an appeal is a matter of right."), *citing Evitts v. Laucey*, 469 U.S. 387, 396 (1985).

Respondent made this very observation in her Return of Writ, and cited controlling case law. (ECF #8, Page ID 74-75.) Mr. Bangera's Traverse Brief of Petitioner is silent on this key point of law. (ECF #10, PageID 946-54.) Instead, that brief reiterates the principal arguments set forth in the opening brief, without addressing whether the right to effective assistance of counsel extends beyond the first state court appeal, particularly when the subsequent appeals to the Ohio Supreme Court and the United States Supreme Court were discretionary. I find this issue dispositive of Mr. Bangera's petition.

Mr. Bangera had a full and fair opportunity to litigate his Fourth Amendment claims before the Ohio Eleventh District Court of Appeal. *See Hoffman v. Hooks*, No. 3:15-CV-1200, 2016 WL 11384509, at *3 (N.D. Ohio Apr. 26, 2016) (Knepp, J., noting that a Fourth Amendment

12

claim is not cognizable in federal habeas litigation if defendant had "full and fair" opportunity to litigate, which exists if state court "'take[s] cognizance of the constitutional claim and rule[s] in light thereof"), *quoting Moore v. Cowan*, 560 F.2d 1298 (6th Cir. 1977). One judge saw it Mr. Bangera's way, but ultimately his conviction and sentence were affirmed by the Eleventh District Court of Appeals. Whatever his counsel did (or did not do) in subsequent, discretionary appeals to the Ohio Supreme Court and the United States Supreme Court is not amenable to review on the basis of alleged ineffective assistance of counsel because Mr. Bangera took full advantage of the first-level state court appellate review process. As this Court explained in *Hoffman*:

> [C]lear Sixth Circuit precedent precludes such review where the petitioner has been offered, and partakes in, the available procedural process to challenge alleged Fourth Amendment violations. In deference to the state's ability to adequately address constitutional issues, the Court is foreclosed from reviewing such findings if a state procedural process was available.

2016 WL 11384509, at *4.

Accordingly, Mr. Bangera's request for habeas corpus relief in this Court grounded on alleged ineffective assistance of appellate counsel in discretionary appeals to the Ohio Supreme Court and the United States Supreme Court fails.

### CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, I recommend the Petition be **DISMISSED**. I further recommend that Mr. Bangera not be granted a certificate of appealability.

Dated: <u>August 5, 2021</u>

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

***ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time **WAIVES** the right to appeal the Magistrate Judge's recommendation. See <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).*