UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIC BANGERA, | ) | Case No.: 1:19 CV 33 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| LYNEAL WAINWRIGHT, in her official capacity as WARDEN, | ) ) ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Petitioner Dominic Bangera's ("Petitioner" or "Bangera") Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Under Local Rule 72.2, the court referred the matter to the Magistrate Judge for a Report and Recommendation ("R & R"). For the following reasons, the court adopts the R & R that the Petition be denied in its entirety.

On January 6, 2019, Bangera filed the Petition, through counsel, challenging his state court conviction, which was based on his involvement in a drug trafficking operation. (ECF No. 1.) Following a bench trial, the trial court sentenced Bangera to 30 years' imprisonment. (R & R at PageID #960, ECF No. 11.) The Petition asserts the following two grounds for relief:

> GROUND ONE: Petitioner suffered a deprivation of his constitutional right against unreasonable search and seizure under the Fourth Amendment due to appellate counsel's failure to fully and fairly present the case to Ohio's reviewing courts.
>
> GROUND TWO: Petitioner suffered a deprivation of his constitutional right to effective assistance of counsel and a deprivation of his Fourth Amendment rights as his counsel failed to fully litigate the issue of bad faith.

(Pet. at PageID #3–5, ECF No. 1.) On April 1, 2019, Respondent Warden Lyneal Wainwright

("Respondent") filed a Return of Writ (ECF No. 8). On October 19, 2020, Bangera filed an Traverse to the Return of Writ (ECF No. 10).

Magistrate Judge Darrell Clay ("Magistrate Judge" or "Judge Clay") submitted his R & R on August 5, 2021, recommending that the court deny and dismiss the Petition in its entirety because, "[he] has no Sixth Amendment right to counsel in connection with the discretionary appeal to the Ohio Supreme Court." (R & R at PageID #965, ECF No. 11 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), for the proposition that "the right to appointed counsel extends to the first appeal of right, and no further").) In the R & R, Judge Clay explained that both of Bangera's grounds for relief allege that he received ineffective assistance of counsel during his appeal to the Ohio Supreme Court. (R & R at PageID #965, ECF No. 11.) Specifically, in regard to Bangera's first ground for relief, Judge Clay pointed out that Bangera alleged that his appellate counsel was ineffective in his appeal to the Ohio Supreme Court because his counsel failed to cite the trial court's suppression hearing transcript, or the state court of appeals' dissenting opinion. (*Id*.) In addition, with respect to Bangera's second ground for relief, Judge Clay pointed out that Bangera alleged that his appellate counsel was ineffective in his appeal to the Ohio Supreme Court because his counsel failed to cite the search warrant affidavit, the suppression hearing transcript, and the trial transcript. (*Id*.)

On August 11, 2021, Bangera filed an Objection (ECF No. 12) to the R & R. In his Objection, Bangera argues that Judge Clay "mistakenly asserts that both grounds allege that [he] received ineffective assistance of counsel during his direct appeal to the Ohio Supreme Court." (Obj. at PageID #971, ECF No. 12.) In so arguing, Bangera maintains that his second ground for relief "mentions ineffective assistance of counsel during the suppression hearing in Common Pleas Court and during the Eleventh District Court of Appeals litigation—as well as listing defects in the discretionary appeal before the Ohio Supreme Court." (*Id*.) In summarizing his Objection, Bangera

asserts that "the Second Claim raises Sixth Amendment issues with [his] representation in three different court systems: Common Pleas, Court of Appeals, and Ohio Supreme Court; alas, the Magistrate Report only addresses the Ohio Supreme Court concerns." (*Id.*) Notably, Bangera does not cite any of the allegations in his Petition, in support of his position that his ineffective assistance of counsel claims relate to his attorneys conduct at the suppression hearing, during trial, or during his direct appeal to the Ohio court of appeals.

Here, a close review of the allegations in Bangera's Petition reveals that both of his grounds for relief are rooted in his contention that his counsel was ineffective in his discretionary appeals—namely, in his appeal to the Ohio Supreme Court and subsequent writ to the United States Supreme Court—which the Magistrate Judge correctly noted is not cognizable on habeas review. *See Ream v. Bunting*, No. 3:15-CV-00313, 2017 WL 7805229, at *17 (N.D. Ohio Apr. 12, 2017) (explaining that "[the defendant's] claim of ineffective assistance based on his counsel's performance on discretionary appeal to the Ohio Supreme Court is not cognizable on habeas corpus review"). In his Objection, Bangera points to arguments that he raised in his Traverse, as support for his contention that his ineffective of assistance of counsel claims relate to his attorney's performance prior to his appeal to the Ohio Supreme Court. (*See* Obj. at PageID #972–974, ECF No. 10.) However, as another court in this District has explained, "it is well-established that new arguments raised for the first time in a traverse, rather than the habeas petition itself, are not properly before the [c]ourt and will not be considered." *Banks v. Tibbals*, No. 1:11-CV-495, 2014 WL 132271, at *16 (N.D. Ohio Jan. 14, 2014) (citing *Murphy v. Ohio*, 551 F.3d 485, 505 n.4 (6th Cir. 2009)). Accordingly, the court finds that Bangera's Objection lacks merit.

Even if one were to conclude that Bangera's ineffective assistance of counsel claims extend to his attorney's performance prior to his discretionary appeals, his claims must be dismissed because

it is undisputed that he did not raise an ineffective assistance of counsel claim during the state court proceedings. The Sixth Circuit has stated that "[a]n Ohio procedural rule allows parties to raise ineffective-assistance-of-appellate-counsel claims for the first time **via a motion for leave to appeal to the Ohio Supreme Court**, and thus a claim raised in that manner may be 'fairly presented' for federal habeas purposes." *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285 (6th Cir. 2010) (emphasis added). In his Objection, Bangera explained that his trial attorney also represented him throughout the state appellate process, which he asserts goes to the question of "whether or not an Ohio attorney may raise the issue of ineffective assistance of counsel claim against himself on direct appeal." (Obj. at PageID #972, ECF No. 12 (citing *State v. Rafferty*, 2015 WL 1932693, at *32 (Ohio Ct. App. Apr. 29, 2015)).) While it is true that an Ohio court of appeals, in *Rafferty*, stated that "[Ohio] district courts are split on whether an appellant may raise a claim of ineffective assistance of counsel on direct appeal where appellate counsel represented the appellant at trial," that court declined to address the issue, and resolved the case on other grounds. *Rafferty*, 2015 WL 1932693, at *32. Critically, Bangera has not cited any authority, which suggests that this court can consider an ineffective assistance of counsel claim that was not raised during the state court proceedings. Because Bangera did not present his ineffective assistance of counsel claims to the state courts, the court finds that his claims are procedurally barred, and thus, the court cannot consider them on habeas review. *See Alexander v. Hofbauer*, No. 2:06-CV-167, 2006 WL 2521606, at *6 (W.D. Mich. Aug. 30, 2006) (stating that "[w]here a state prisoner raises a claim for the first time in a petition for federal habeas corpus, and it has not yet been presented to the state courts, but review of that claim is available in a state proceeding, the state proceeding should first be exhausted before federal review is granted").

Furthermore, after careful *de novo* review of the R & R and all other relevant documents in

-4-

the record, the court finds that Judge Clay's recommendations are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Consequently, Bangera's Petition must be dismissed. Accordingly, the court adopts the R & R in its entirety and hereby denies and dismisses the Petition. The court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

    IT IS SO ORDERED.

                                            */s/ SOLOMON OLIVER, JR.*
                                            UNITED STATES DISTRICT JUDGE

March 31, 2022